■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO B. QUINONES, Appellant. [55 NYS3d 663]—Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered July 1, 2014, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves for leave to withdraw as counsel for the appellant.

Ordered that the motion of Bruce A. Petito for leave to withdraw as counsel for the appellant is granted, and he is directed to turn over all papers in its possession to the appellant's new counsel assigned herein; and it is further,

Ordered that Gary E. Eisenberg, Esq., 10 Esquire Road, Suite 10, New City, NY, 10956, is assigned as counsel to prosecute the appeal; and it is further,

Ordered that the respondent is directed to furnish a copy of the certified transcript of the proceedings to the appellant's new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the appellant within 90 days of the date of this decision and order on motion, and the respondent shall serve and file its brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated May 31, 2016, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

While we are satisfied with the sufficiency of the brief filed by assigned counsel, upon our independent review of the record, we conclude that nonfrivolous issues exist, including, but not necessarily limited to, whether the purported waiver of the defendant's right to appeal was valid (*see generally People v Brown*, 122 AD3d 133, 144-145 [2014]) and, if such waiver is found to be invalid, whether the sentence imposed was excessive (*see generally People v Delgado*, 80 NY2d 780 [1992]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Balkin, J.P., Chambers, Maltese and Duffy, JJ., concur.